# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE

In re  
                                            Case No.  05-30973  
CHRISTOPHER GEORGE JENSEN  

        Debtor  


CHRISTOPHER GEORGE JENSEN  

        Plaintiff  

        v.                                        Adv. Proc. No.  05-3049  

ROSANNE D. JENSEN  

        Defendant  


## MEMORANDUM ON MOTIONS FOR
## PARTIAL SUMMARY JUDGMENT, FOR SUMMARY
## <u>JUDGMENT, AND TO DISQUALIFY PLAINTIFF'S ATTORNEY</u>

**APPEARANCES:**    HODGES, DOUGHTY & CARSON, PLLC  
                          Keith L. Edmiston, Esq.  
                          Post Office Box 869  
                          Knoxville, Tennessee  37901-0869  
                          Attorneys for Plaintiff  

                      DAVID H. JONES, ESQ.  
                          Post Office Box 50034  
                          Knoxville, Tennessee  37950  
                          Attorney for Defendant  


**RICHARD STAIR, JR.**  
**UNITED STATES BANKRUPTCY JUDGE**

On March 24, 2005, the Plaintiff/Debtor, Christopher George Jensen, filed the Complaint initiating this adversary proceeding, requesting an injunction pursuant to 11 U.S.C.A. § 105 (West 2004), enjoining the Defendant, Rosanne D. Jensen, from attempting to enforce certain obligations incurred in their divorce, requesting compensatory and punitive damages against the Defendant for willfully violating the automatic stay, and seeking a determination that certain marital obligations are dischargeable under 11 U.S.C.A. § 523(a)(5) (West 2004).[1] The Defendant filed her Answer on April 22, 2005, denying that she violated the automatic stay and denying that the obligations the Plaintiff was ordered to pay in their divorce are dischargeable.

Presently before the court are the following: (1) Defendant's Motion for Partial Summary Judgment (Motion for Partial Summary Judgment) filed on September 14, 2005; (2) the Motion by Plaintiff for Summary Judgment (Motion for Summary Judgment) filed on September 22, 2005; and (3) the Motion to Disqualify Keith L. Edmiston as Plaintiff's Attorney, or in the Alternative, to Allow Defendant's Attorney to Examine Keith L. Edmiston at the Trial (Motion to Disqualify) filed by the Defendant on September 28, 2005. As required by E.D. Tenn. LBR 7007-1 and E.D. Tenn. LBR 7056-1, the Motion for Partial Summary Judgment is accompanied by the Statement of Undisputed Material Facts Filed by Defendant, Rosanne D. Jensen, in Support of her Motion for Partial Summary Judgment

---

[1] Additionally, on March 24, 2005, the Plaintiff filed a Motion for Preliminary Injunction, seeking a preliminary injunction prohibiting the Defendant from proceeding with contempt actions against him in the Fourth Circuit Court for Knox County without modification of the automatic stay. On April 12, 2005, the court entered an Agreed Preliminary Inunction, enjoining the Defendant from attempting to enforce any obligations incurred in the parties' divorce pending modification of the automatic stay or other order from the court.

and the Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment, and the Motion for Summary Judgment is accompanied by the Statement of Undisputed Material Facts in Support of Motion by Plaintiff for Summary Judgment and the Memorandum in Support of Motion by Plaintiff for Summary Judgment.[2]  In compliance with E.D. Tenn. LBR 7007-1, the Motion to Disqualify is accompanied by the Memorandum of Law in Support of Defendant's Motion to Disqualify Keith L. Edmiston as Plaintiff's Attorney, or in the Alternative, to Allow Defendant's Attorney to Examine Keith L. Edmiston at the Trial.  The Plaintiff filed the Response by Plaintiff Christopher George Jensen in Opposition to Motion to Disqualify Keith L. Edmiston as Plaintiff's Attorney or in the Alternative, to Allow Defendant's Attorney to Examine Keith L. Edmiston at the Trial, supported by a memorandum of law and the Affidavit of Christopher George Jensen.

In support of her Motion for Partial Summary Judgment and Motion to Disqualify, the Defendant also relies upon (1) the documents attached to the Complaint; (2) the documents attached to her Answer; and (3) the Affidavit of Lori F. Fleishman, the attorney representing the Defendant in her divorce from the Plaintiff, identifying as an exhibit an Order entered in the Fourth Circuit Court for Knox County, Tennessee, on March 1, 2005, scheduling a hearing for March 18, 2005, on the Defendant's Petition for Contempt for Non-Payment of Credit Card Debts.

---

[2] Both parties filed responses to the other's Motion for Summary Judgment and Statement of Undisputed Material Facts, as additionally required by E.D. Tenn. LBR 7007-1 and E.D. Tenn. LBR 7056-1.

In support of his Motion for Summary Judgment, opposition to the Defendant's Motion for Partial Summary Judgment, and opposition to the Motion to Disqualify, the Plaintiff relies upon (1) the documents attached to his Complaint; (2) the Petition for Contempt for Non Payment of [Credit Card Debts] filed by the Defendant in the Fourth Circuit Court for Knox County, Tennessee, on January 13, 2005 (Petition for Contempt); (3) the Declaration of Keith L. Edmiston (Declaration), identifying as an exhibit a letter dated March 1, 2005, addressed to Judge Bill Swann and copied to Ms. Fleishman, notifying them that the Debtor filed for bankruptcy on February 23, 2005; (4) the Affidavit of Christopher George Jensen dated September 22, 2005, identifying as a collective exhibit two emails that he received from the Defendant concerning the Marital Obligations; (5) an electronic copy on CD of a telephone conversation between the Defendant and a credit card company representative; and (6) the Affidavit of Christopher George Jensen dated September 29, 2005 (September 29, 2005 Affidavit). Additionally, as requested by the Plaintiff in his Motion for Summary Judgment, and without objection by the Defendant, the court takes judicial notice of the pleadings and documents contained in the court's adversary proceeding file and the Plaintiff's underlying bankruptcy case. *See* FED. R. EVID. 201.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West 1993).

# I

Summary judgment is appropriate, pursuant to Federal Rule of Civil Procedure 56, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable to adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the nonmoving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

For the following reasons, the court finds that there are genuine issues of material fact and that neither party is entitled to judgment as a matter of law. Summary judgment is precluded for the reasons set forth below.

### A

The Defendant argues that she is entitled to partial summary judgment that the Plaintiff's obligation to pay credit cards totaling $45,000.00 (Marital Obligation) incurred in the course of the parties' divorce is a nondischargeable debt pursuant to 11 U.S.C.A. § 523(a)(5) based upon a hearing held in the Fourth Circuit Court for Knox County, Tennessee, on March 18, 2005. At this hearing, the judge for the Fourth Circuit Court (State Court Judge), after hearing testimony from the Defendant, determined that the Marital Obligation was in the nature of support. The Defendant now argues that this court is bound by res judicata to follow the decision of the State Court Judge and must, therefore, grant summary judgment in her favor with respect to the nondischargeability of the Marital Obligation.

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from re-litigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995) (*quoting Federated Dep't Stores, Inc. v. Moitie,* 101 S. Ct. 2424, 2428 (1981)). Res judicata extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part or the transaction, or series of connected

transactions, out of which the action arose." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996) (quoting RESTATEMENT (SECOND) JUDGMENTS § 24 (1982)).  The Sixth Circuit Court of Appeals has held that res judicata is based upon the following four elements:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*J.Z.G.*, 84 F.3d at 215 (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

Collateral estoppel, or issue preclusion, derives from the Full Faith and Credit Statute, which provides that "judicial proceedings . . . [of any State] shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ." 28 U.S.C.A. § 1738 (2004).  Accordingly, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 104 S. Ct. 892, 896 (1984).

Under Tennessee state law, "collateral estoppel bars relitigation of an issue if it was raised in an earlier case between the same parties, actually litigated, and necessary to the judgment of the earlier case." *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51,

54 (6th Cir. 1995) (citing *Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987)).[3]

"[M]aterial facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties." *Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App. 1963) (quoting *Cantrell v. Burnett & Henderson Co.*, 216 S.W.2d 307, 309 (Tenn. 1948)).

Application of collateral estoppel requires a demonstration that "1) the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted, and 2) both cases involve the same parties, the same cause of action, or identical issues." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995). Here, there is one glaring deficiency in the Defendant's argument; i.e., there is no final judgment to which the court must apply preclusive effect. The State Court Judge heard proof on March 18, 2005, and made a finding from the bench, which has been transcribed and submitted in support of the Defendant's Motion for Partial Summary Judgment. However, the State Court Judge's findings were never memorialized into a final order or judgment, and as such, those findings are not binding on the bankruptcy court. *See Frank Rudy Heirs*

---

[3] The Defendant pled res judicata, or claim preclusion, in her Motion for Partial Summary Judgment; however, the court finds that collateral estoppel, or issue preclusion, is the proper doctrine under which the Defendant seeks relief. The doctrine of collateral estoppel is an "extension" of the doctrine of res judicata. *Ohio Cas. Ins. Co. v. Hryhorchuk (In re Hryhorchuk)*, 211 B.R. 647, 652 (Bankr. W.D. Tenn. 1997); *see also J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ("The rules of res judicata actually comprise two doctrines concerning the preclusive effect of a prior adjudication, claim preclusion and issue preclusion."); *Home Ins. Co. v. Leinart*, 698 S.W.2d 335, 336 (Tenn. 1985).

*Assocs. v. Sholodge, Inc.*, 967 S.W.2d 810, 813 (Tenn. Ct. App. 1997) (finding that an oral ruling from the bench that was not transferred into a written order signed by the judge pursuant to Rule 58 of the Tennessee Rules of Civil Procedure was not a final judgment, and even if the appellate court were to "give the chancellor's oral pronouncement from the bench the dignity of an order," because all the claims, rights, and liabilities of the parties were not fully adjudicated, it would be interlocutory rather than final).  Collateral estoppel is not, therefore, an issue relevant to the Defendant's claim that the marital obligation is nondischargeable.

For the above reasons, the Defendant's Motion for Partial Summary Judgment filed on September 14, 2005, shall be denied.

**B**

On the other side, the Plaintiff avers that he is entitled to summary judgment that the Marital Obligation is dischargeable because it is payable to a third party and falls outside the parameters of § 523(a)(5), or in the alternative, that it is a property settlement, again falling outside the parameters of § 523(a)(5).  The Plaintiff also seeks summary judgment in his favor finding that the Defendant willfully violated the automatic stay provisions of 11 U.S.C.A. § 362(a) (West 2004) by advising the credit card creditors to contact the Plaintiff personally to collect upon the Marital Obligation and by her sending emails to the Plaintiff requesting payment of the Marital Obligation.  Finally, the Plaintiff argues that the

March 18, 2005 hearing was held in violation of the automatic stay, and therefore, any rulings made at that hearing are void.

Under § 523(a)(5), debts in the nature of support that are incurred in a divorce are generally nondischargeable.[4] The Plaintiff argues that because the Final Judgment of Divorce requires the Plaintiff to make payments to third parties rather than the Defendant and does not contain indemnification or hold harmless language, it falls outside the scope of § 523(a)(5). However, Sixth Circuit authority states otherwise:

> [U]nder § 523(a)(5) "payments in the nature of support need not be made directly to the spouse or dependent to be nondischargeable." The issue under § 523(a)(5) is whether "an assumption of joint debts is 'in the nature of alimony, maintenance, or support[.]'" This determination is to be made in accordance with federal bankruptcy law, and neither state law, nor the focused or unfocused label affixed to the obligation by the parties, resolves the question of whether a debt is a nondischargeable support obligation under § 532(a)(5).

*Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 199 (B.A.P. 6th Cir. 1998) (quoting *Long v. Calhoun (In re Calhoun)*, 715 F.2d 994, 1107 (6th Cir. 1983)); *accord Crawford v. Osborne (In re Osborne)*, 262 B.R. 435, 440-42 (Bankr. E.D. Tenn. 2001) (declining to follow its prior decision in *McCracken v. LaRue (In re LaRue)*, 204 B.R. 531 (Bankr. E.D. Tenn. 1997)).

With respect to the Plaintiff's argument that the Marital Obligation is not support, the court also finds that material issues of fact are in dispute, thus precluding summary

---

[4] The Sixth Circuit's test for nondischargeability under § 525(a)(5) requires the court to determine the following: (1) whether the award was intended to be support; (2) whether the award was effectively support in light of the recipient non-debtor's present needs; and (3) whether the award was "manifestly unreasonable under traditional concepts of support." *Long v. Calhoun (Calhoun)*, 715 F.2d 994, 1109-1110 (6th Cir. 1983).

judgment. A determination of dischargeability requires application of the *Calhoun* factors, and primarily, the Defendant's present needs and the reasonableness of the award.

Finally, there are also material facts in dispute with respect to the Plaintiff's arguments concerning violations of the automatic stay. Similarly, there are material facts in dispute with respect to the Plaintiff's action against the Defendant for willful violation of the automatic stay which cannot be determined until the nondischargeability issue is determined. Moreover, in the event that the court finds a willful violation of the automatic, the Plaintiff has requested damages; however, there is nothing in the record concerning damages incurred by the Plaintiff. As such, the Plaintiff is not entitled to summary judgment on these issues concerning violation of the automatic stay.

## II

Also before the court is the Defendant's Motion to Disqualify. In support thereof, the Defendant argues that the Plaintiff's attorney, Keith Edmiston (Mr. Edmiston), is a material witness with respect to the allegations that the Defendant violated the automatic stay, and therefore, under the Tennessee Rules of Professional Conduct, he should be disqualified. In the alternative, the Defendant requests permission to examine Mr. Edmiston with respect to statements made in his Declaration filed in connection with the parties' Motions for Summary Judgment.

In opposition, the Plaintiff argues that Mr. Edmiston is not a necessary witness since all of the statements made by Mr. Edmiston in his Declaration have been corroborated by

11

the Plaintiff in his September 29, 2005 Affidavit and can be testified to at trial by the Plaintiff. Additionally, the Plaintiff argues that disqualification of Mr. Edmiston would work a substantial hardship on him. In the event, however, that Mr. Edmiston is disqualified, the Plaintiff agrees to allowing him to be cross-examined by the Defendant at trial if he is called by the Plaintiff to testify. Further, if Mr. Edmiston is disqualified, the Plaintiff seeks to engage another lawyer at Mr. Edmiston's law firm.

The Rules of Professional Conduct, as promulgated by the Tennessee Supreme Court, expressly state that:

> (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>
> > (1) the testimony relates to an uncontested issue;
> >
> > (2) the testimony relates to the nature and value of legal services rendered in the case; or
> >
> > (3) disqualification of the lawyer would work substantial hardship on the client.
>
> (b) A lawyer may act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by RPC 1.7 or RPC 1.9.

TENN. SUP. CT. R. 8, RPC 3.7. The purpose of this role is to prevent prejudice to the opposing party and/or a conflict of interest between the lawyer and his client that can arise from combining the roles of advocate and witness. *See* TENN. SUP. CT. R. 8, RPC 3.7. (Off. Cmts.).

The Defendant argues that Mr. Edmiston must be disqualified because he made statements in his Declaration concerning a contested issue; i.e., whether the Defendant

willfully violated the automatic stay. There is no question the parties dispute whether the Defendant violated the automatic stay and that Mr. Edmiston's Declaration expressly addresses this issue. On the other hand, if Mr. Edmiston is not a necessary witness or his disqualification would work a substantial hardship on the Plaintiff, he need not be disqualified.

"[A] mere declaration of intention to call opposing counsel as a witness does not require disqualification; an attorney is disqualified only when he or she is likely to be a necessary witness." *Buckley v. TransAm. Inv. Corp. (In re Southern Kitchens, Inc.)*, 218 B.R. 471, 473 (Bankr. D. Minn. 1998). The Sixth Circuit defines a necessary witness as one who is "relevant, material and useful to an adequate defense." *United States v. Moore*, 917 F.2d 215, 229 (6th Cir. 1990). However, "[a] necessary witness is not the same thing as the 'best' witness." *Harter v. Univ. of Indianapolis*, 5 F. Supp. 2d 657, 665 (S.D. Ind. 1998).

> [T]he necessity requirement means that the anticipated testimony must be material to the matters in suit, as well as relevant to the specific issues for which the attorney-witness would be called. In turn, if the subject matter of the attorney's testimony can be proved in some other effective way, the attorney may not be "necessary" as a witness.

*Southern Kitchens*, 218 B.R. at 473; *accord Harter*, 5 F. Supp. 2d at 665.

The statements in the Declaration can be separated into three distinct categories concerning the Defendant's alleged automatic stay violations: (1) outlining Mr. Edmiston's actions, filings, and correspondences with respect to the Defendant's Petition for Contempt in the Fourth Circuit Court following the Plaintiff's bankruptcy filing; (2) concerning a voicemail from the Defendant's divorce attorney following the March 18, 2005 hearing in

the Fourth Circuit Court; and (3) with respect to the recording of a conversation between the Defendant and a creditor that Mr. Edmiston received on his office voicemail, which has been submitted by the Plaintiff in support of his Motion for Summary Judgment. In his September 29, 2005 Affidavit, the Plaintiff attested to the facts regarding the conversation between the Defendant and a creditor which he personally left on Mr. Edmiston's voicemail. Based upon this Affidavit, the court agrees that the Plaintiff can adequately testify as to these facts at trial, and therefore, Mr. Edmiston's testimony is not necessary.

The Plaintiff's September 29, 2005 Affidavit does not, however, address the other two categories set forth in the Declaration. Nevertheless, the court finds that Mr. Edmiston is not a necessary witness with respect to these statements either. The first category of statements deals with the Plaintiff's bankruptcy filing and his subsequent actions to stay the proceedings in the Fourth Circuit Court. Mr. Edmiston states that he filed a Suggestion of Bankruptcy, served a copy on the Defendant, and sent a letter dated March 1, 2005, to the State Court Judge, with a carbon copy to the Defendant's divorce counsel, advising that the Plaintiff had filed for bankruptcy. A copy of the March 1, 2005 letter is attached to the Declaration. Mr. Edmiston, however, is not the only person who can attest to these facts. The Plaintiff, who also received a carbon copy of the March 1, 2005 letter, can adequately testify as to when he filed for bankruptcy, as well as the contents of the March 1, 2005 letter, which references the Suggestion of Bankruptcy.

The second category consists of the following single statement:

14

> 7. On March 23, 2005 Lori Fleishman left a voicemail on my office telephone system which included the following statement: "[your client] needs to make arrangements immediately in regard to those credit card obligations because [the judge] is going to allow my client to come back and testify about damages that are flowing in regard to her inability to get credit and so on and so forth and that really is affecting her very, very badly."

EDMISTON DECL. ¶ 7. This statement, however, is not relevant as to whether the Defendant violated the automatic stay. The statement itself does not violate the automatic stay, nor does it even supply sufficient facts to indicate that the Defendant planned to take any action in violation of the automatic stay. Although the court must determine if the March 18, 2005 hearing violated the automatic stay, this message, in and of itself, offers nothing relevant to that issue, and therefore, Mr. Edmiston is not a necessary witness concerning this statement. Because the facts stated in the Declaration are either irrelevant to the issues or can be testified to by the Plaintiff, the court finds that Mr. Edmiston is not a necessary witness, and disqualification is not warranted. Likewise, for those reasons, there is no basis for allowing the Defendant to examine Mr. Edmiston with respect to any of the facts or statements contained in his Declaration.

### III

In summary, based upon the record, the court finds that there are genuine issues of material fact and that neither party is entitled to judgment as a matter of law. Therefore, the Defendant's Motion for Partial Summary Judgment and the Plaintiff's Motion for Summary Judgment shall be denied. Furthermore, the court finds that Mr. Edmiston is not a necessary witness, and his disqualification as the Plaintiff's counsel is not appropriate, nor

may the Defendant examine him at trial concerning any issues contained in his Declaration.

Accordingly, the Defendant's Motion to Disqualify shall be denied.

An order consistent with this Memorandum will be entered.

FILED: October 26, 2005

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE